United States District Court Middle District Of Pennsylvania

Joshua I. Payne,
                Plaintiff

        V.

COa.Radites, CO.Riley,
and Pennsylvania Department
Of Corrections,
                Defendants.

CIVIl NO:

3:25-CV-1975

Jury Trial Demanded

FILED
SCRANTON

OCT 20 2025

PER_____
DEPUTY CLERK

## Complaint

1. This Court has jurisdiction over this action Pursuant to 28 U.S.C.§§1331, 1343 and 1369.

2. Venue is Proper in this District Pursuant to 28 U.S.C.§1391(b).

## Parties

3. Plaintiff, Joshua I. Payne, is an Inmated who is Currently housed at SCI-Camp Hill located at P.O. Box 8837 Camp Hill PA 17001-8837.

4. Defendant, Radites, Is an Correctional Officer holding the rank of SGt. , at SCI-Camp Hill located at P.O. Box 8837 Camp Hill, PA 17001-8837.

5. Defendant, Riley, is an Correctional Officer holding the rank of C/0. at P.O.Box 8837 Camp Hill PA 17001-8837.

6. Defendant, Pennsylvania Department of Corrections, Is an entity within the Commonwealth of Pennsylvania who employs, trains and Supervise both above named Defendants.

7. All defendants' acted under Color of State law at all relevant times herein, and all defendants' are being Sued in both of their Capacities.

## Facts of The Case

8. Plaintiff is a "D" roster inmate who Suffers from the following mental health disabilities: Unspecified Anxiety Disorders, Schizoaffective Disorder-Bipolir type and Borderline Personality Disorder.

9. Due to Plaintiff's many severe mental health disabilities he is housed on the Residential Treatment Unit "RTU", at SCI-Camp Hill.

10. Because of Plaintiff's mental health disabilities he is consider by the Department of Corrections as being seriously mentally ill or having an serious Mental Illness "SMI".

11. The "RTU" is a unit designated for inmates with current, significant psychiatric and impaired psychological functioning. These inmates may be experiencing or may be predicted to have difficulty adapting to general population housing in the Department.

12. Only inmates on the active mental health tracking roster (Mental Health Roster "C" or "D") are eligible for placement on the "RTU".

13. Now on Sept.13,2025, while Plaintiff was housed on the RTU which is on J-B side of J-Block cell 38, a general cell search was conducted on the unit.

14. During this general search of cells Plaintiff was told to strip down to his boxers, shower shoes and T-shirt by Defendant Rodites.

15. Plaintiff followed all orders given by defendant Rodites and Plaintiff then was handcuffed behide his back and told/ordered to stand off to the side of his cell and face the wall and don't move while the general cell search was being conducted. Defendants' Rodites and Riley then entered Plaintiff's cell to search it.

16. At the conclusion of defendants' Rodites and Riley search of Plaintiffs cell, defendants' came out of Plaintiff's cell with a clear trash bag that contained some of Plaintiff's personal property.

17. Before defendants' was able to walk away with Plaintiff's property he asked them where where were they taking his property to because that's not trash.

18. Defendant Riley stated to Plaintiff "I was told by my Sgt. to throw this stuff away." Plaintiff then replied "What do you mean, throw this stuff away,

19. Defendant Radites then chimed in and stated to Plaintiff "Payne, you pissed off alot of People, Including me, so I told Riley to take some of your shit to teach you a lesson, but don't worry I made sure it wasn't none of your Paperwork, because I know you Can't write this up."

20. Plaintiff then asked Defendants' Radites and Riley "Since you are taking my Property are our Going to Provide me with a Confiscation receipt? Defendant Radites response was "You think I'm stupid? I'm not Creating a record of this, so no I'm not Giving you a Confiscation receipt."

21. Plaintiff was then Placed back in his Cell and uncuffed and Defendants' Radites and Riley Proceeded to the next Cell.

22. When Plaintiff went to Check what Property was taken from him by Defendants' Radites and Riley, Plaintiff seen that the following Items was missing: Eight unopened E-Ciggs and over 85 reading and religious books Including Plaintiff's Qu'ran.

23. Plaintiff did file a timely Official Inmate Grievance to the facility Grievance Coordinator on Defendants' Radites and Riley, but this Grievance was denied On all levels even appeals.

24. On Sept. 28, 2025, while Plaintiff was standing in-front of his Cell door Defendant Radites Came up to the Plaintiff aggressively and stated "You fucking rat bitch! Why did you fucking file an Grievance on me? You baby rapist, You want to file Paperwork? I Can make your rat ass life so fucking difficult! All I've Got to do is say the word and I Can Get you killed! Just like how my brothers' Just killed that nigger down in the RHU. So fuck with me, and I will end your fat ass life you fucking Pedophile. So write that up!"

25. On Sept. 29, 2025, Plaintiff did Go and talk to the RTU's Psych Ms. Over man about what Defendant Radites said to him on Sept. 28, 2025, due to it mentally bothering him and stressing him out, because these statements was falsed and because they were said Infront of other Inmates on his unit and because Plaintiff Couldn't eat or sleep.

26. Due to these falsed allegations of Defendant Radites towards Plaintiff infront of other inmates and staff Plaintiff had to request to take a week off from his Institutional Job in the law Library where he was a library clerk.

27. On Oct. 6. 2025, due to Plaintiff's not able to Cope with working in the law library because of his Coworkers dirty looks and Questions Plaintiff was froced to Quit his Job.

28. Because of the falsed Statements made by defendant Radites Plaintiff was called names by his fellow Inmates/Peers like baby rapist Pedophile and rat to his face which made Plaintiff want to Commit Suicide on many occasions.

29. Due to these falsed statements made by defendant Radites Plaintiff had to Increse his visits to the RTU's Psychologist about the false Allegations of defendant Radites due to Plaintiff's mental state Getting worse.

30. Due to defendant Radites falsed Statements Plaintiff have been having difficultitée Sleeping, eating, Coping with everyday normal activities like reading, Studying, talking on the Phone with love ones, Intermingling with his Peers and take his Prescribed Psychiatric Medications.

31. Upon information and belief defendant Pennsylvania Department of Corrections has an unwritten Policy, Practice and Custom that they enfroced to retaliate against inmates who Files or Submits Grievances and lawsuits on their employees.

32. Upon Information and belief defendant Pennsylvania Department of Corrections has unwritten Policy, Practice and Custom that they enfroce to negligently handle inmate's Personal Property revolving around the Propere way of disposing of Inmate's Personal Property.

33. Upon Information and belief defendant Pennsylvania Department of Corrections has an unwritten Policy, Practice and Custom that they enforce to fail to train and Supervise their staff/employees'/officers' in handling Inmate Personal Property in accordance to the Department of Corrections Policies, Regulations and Directives.

34. Upon information and belief the Defendants' have a Code of Ethics that has to be followed and enforced by Defendants' and it states in part "The Personal Property of inmates will be handled with extreme Care and disposed of only by Properly designated authority in a manner designated by Official Department of Corrections Policy...."

35. Upon information and belief DC-ADM 804 1, A.23 states in Part "...for Cases regarding Confiscated Contraband, destruction of the Property Shall only occur after the appeal Process has been exhausted...."

36. Upon Information and belief DC-ADM 815, 3, states In Part "All Items deemed to be Contraband will be destroyed or otherwise disposed of. The Facility Security Officer, after Consultation with the Major, will determine when Contraband will be destroyed... When an inmate files a Grievance regarding Confiscated Contraband, destruction of the Property will occur after the appeal Process has been exhausted...."

37. Upon Information and belief Defendants' issued a Memo at SCI-Camp Hill dated June 9, 2025, regarding the Possession limit of E-Cigarettes for General Population inmates that States in Part "Inmates may retain no more than Eight (8) E-Cigarettes devices at any time, Including both used and unused units...."

38. Upon information and belief DC-ADM 203, 1, B, 1, (b)-(f) States in Part "During a Cell Search, all Precautions will be taken to avoid damage to any Items ... Any Item, which is Contraband or evidence of a Crime or misconduct, Shall be handled in accordance with Department Policy 6.3.1. ~~Section 20 Inmate Property~~" Facility Security Section 14, Contraband... A DC-154A, Confiscated Items Receipt (Inmate) will only be used to record all Confiscated non-State Issued Items... Confiscated Property Shall be handled In accordance with Department Policy 6.3.1. Section 20, Inmate Property...."

39. At no time did Defendants' adhere to or enforce any of these Policies practices or directives. At no time did Defendants' return any of Plaintiff's Property back to him after the Confiscation of Said Property.

## Claims For Relief

### Retaliation

40. Plaintiff hereby Incorporates by reference Paragraphs 1-39, of this Complaint as if Stated in fully herein.

41. That the acts and Omissions of Defendant Rodites Constitutes a Claim of retaliation under the First Amendment.

### Intentional Infliction of Emotional Distress

42. Plaintiff hereby Incorporates by reference Paragraphs 1-39, of this Complaint as if Stated in fully herein.

43. That the acts and Omissions of Defendant Rodites, Riley and Pennsylvania Department of Corrections Constitutes a Claim of "IIED" under State law.

### Negligence

44. Plaintiff hereby Incorporates by reference Paragraphs 1-39, of this Complaint as if Stated in fully herein.

45. That the acts and Omissions of Defendants Rodites, Riley and Pa Dept of. Corr. Constitutes a Claim of Negligence under State law.

### Conspiracy

46. Plaintiff hereby Incorporates by reference Paragraphs 1-39, of this Complaint as if Stated in fully herein.

47. That the acts and Omissions of Defendants' Rodites and Riley Constitues Claims of Conspiracy under State law and 1983.

### Negligent Infliction of Emotional Distress

48. Plaintiff hereby Incorporates by reference Paragraphs 1-39, of this Complaint as if Stated in fully herein.

49. That the acts and Omissions of Defendants' Rodites, Riley and Pa Dept of Corrections Constitutes Claims of "NIED" under state law.

Defamation

50. Plaintiff hereby Incorporates by reference Paragraphs 1-39, of this Complaint as if stated in fully herein.

51. That the acts and omissions of Defendant Rodites Constitutes a Claim of Defamation of Charcater under state law.

## Relief Requested

Wherefore, Plaintiff requests that this Court Grants the following relief:

A. Declare that all Defendants' violated Plaintiff's Constitutional and State tort rights;

B. Award to Plaintiff Compensatory relief in the amount of $300,000.00, from defendants' for the Physical, emotional, Mental, Pain and Suffering as well as anguish; and

C. Award to Plaintiff Punitive relief in the amount of $600,000.00 from defendants'.

D. And any and all other relief deemed suitable in the Court of law

Respectfully Submitted

By: Joshua I. Payne
Joshua I. Payne #GQ5951
SCI-Camp Hill
P.O. Box 8837
Camp Hill, Pa 17001-8837

Dated: 10-14-25

## Verification

I, Joshua I. Payne, hereby declares that the facts stated in the Complaint are true and correct to the best of my personal knowledge, information and belief.

Pursuant To 28 U.S.C. § 1746
Under penalty of perjury.

10-14-25

/s/ Joshua I. Payne
Joshua I. Payne

